THOMAS A. MARONEY, District Attorney Waupaca County
Your predecessor has by letter asked for my opinion on the following questions:
 1) Whether the county board as a whole must approve a forfeiture in the amount of $2,500 or greater in settlement of an action for forfeiture under sec. 50.04, Stats., brought against a county owned extended care facility; and
 2) Whether or not the answer to the first question is different is the forfeiture is assessed as a consequence of an administrative order following a formal hearing instead of through a stipulated settlement.
The answer to the first question is yes. The answer to the second is that the county board must either directly authorize payment of a final administrative order or delegate that ministerial duty for sums of $2,500 or less. My reasons for the answers are set forth below.
In answering the questions I have assumed that your phrase "our County extended care facility" means that the county is the owner of the facility and that the "Board of Trustees" described in your letter as "managers" of the facility are trustees appointed in behalf of the county pursuant to sec. 46.18, Stats. In that context the county is the actual, if not also the nominal, licensee for the facility.
If, as the letter suggests, there have been violations of ch. 50, Stats., at the county owned facility, then a cause of action lies against the county, and it is the county which is liable for the forfeitures *Page 16 
under either secs. 50.03 (8) or 50.04 (5), Stats., or both. As a consequence sec. 59.07 (3), Stats., is operative; in pertinent part it reads:
 The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:
. . . .
 (3) Examine and settle all accounts of the county and all claims, demands or causes of action against the county and issue county orders therefor. In counties having a population of less than 50,000, the board may delegate its power in regard to current accounts against the county to a standing committee where the amount does not exceed $2,500.
Since Waupaca County has a population under 50,000, the limit of the county board's authority to delegate payment of money in any event is $2,500. The delegation is, however, limited to "accounts" and under ordinary principles of statutory construction would not include "claims, demands or causes of action." Examples of where that principle has been applied include: Mutual Fed. S L Asso. v. Sav. L. Adv. Comm.,38 Wis.2d 381, 387, 157 N.W.2d 609 (1968) and Vandervelde v. Green Lake,72 Wis.2d 210, 240 N.W.2d 399 (1976). Thus, delegation for settlement of this or any cause of action at exactly $2,500 or even less is no different than settlement at an amount greater than $2,500: The authorization must come from the county board as a whole.
While the trustees under sec. 46.18 (6), Stats., are permitted to "defend in the name of the county any cause for action involving the interest of said institution," there is no provision for payment of a settlement without authorization from the county board. To the contrary, the thrust of the first sentences of sec. 46.18 (6) and (11), Stats., is that the trustees do not have independent authority to incur obligations on the county treasury. Thus, absent express authorization to agree to a forfeiture independent of the county board and in view of the other provisions whose tone suggests that no such authorization should be implied, I am of the opinion that the trustees cannot authorize payment of a forfeiture without approval from the county board of supervisors. *Page 17 
The imposition of a forfeiture by administrative order would lead to a different role for the county board as compared to that exercised in a settlement context. Assessment of a forfeiture through an administrative order is delegated by the Legislature through ch. 50, Stats., to the Department of Health and Social Services. To the extent that the county board objects to the assessment by the Department it must do so through the formal hearing and appeal routes specified. Sec. 50.03 (11), Stats. After the administrative order has become final it becomes the duty of the county board to pay any forfeiture. The board may well regard final orders as "accounts." The manner in which the board fulfills its duty to pay the account is, depending on the amount, within the board's control; it may be fulfilled by either of the mechanisms outlined in sec. 59.07 (3), Stats. State exrel. Ahlgrimm v. State Elections Bd., 82 Wis.2d 585, 597,263 N.W.2d 152 (1978).
BCL:RMR